# SUPREME COURT OF APPEALS

*In re* K.M. and C.M.

No. 17-1025 (Kanawha County 16-JA-145 and 146)

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother M.M., by counsel Matthew A. Victor, appeals the Circuit Court of Kanawha County's October 31, 2017, order terminating her parental rights to K.M. and C.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Sandra K. Bullman, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for an extension of her post-dispositional improvement period and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 15, 2016, the DHHR filed a petition alleging that petitioner had abused and neglected the children.[2] On March 8, 2016, petitioner reported to the emergency room of Charleston Area Medical Center complaining of hallucinations. She reported that she was "covered in bugs, that she was spitting bugs." Although petitioner denied using illegal drugs, her drug test results were positive for methamphetamine and ecstasy. The DHHR alleged a history of domestic violence in the home and further alleged that the children were often without proper food, clothing, and supervision.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The petition alleged that six of petitioner's children were abused and neglected; however, it was later determined that she had previously voluntarily relinquished her parental rights to the four older children and they were subsequently adopted. K.M. and C.M. were the only two children at issue in the abuse and neglect proceedings below.

On March 22, 2016, petitioner waived the preliminary hearing and agreed to participate in services including substance abuse evaluation/residential treatment, psychological evaluations, supervised visitations, and random drug screens. The DHHR also offered petitioner bus passes for the purpose of attending services. On June 9, 2016, the circuit court held a hearing wherein petitioner was granted a pre-adjudicatory improvement period. According to the DHHR, petitioner's drug screens had been clean, although it did not specify how long they had been clean. The circuit court ordered petitioner to avail herself of services and further ordered her to obtain and maintain suitable housing.

On August 25, 2016, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations of abuse and neglect set forth in the petition and was adjudicated as an abusing parent. On December 14, 2016, the circuit court held a dispositional hearing wherein the DHHR and the guardian jointly moved for the termination of petitioner's parental rights and petitioner moved for a post-dispositional improvement period, which the circuit court granted. Services during her post-dispositional improvement period included relapse prevention, random drug screens, and supervised visitation. On March 17, 2017, the circuit court held a review hearing wherein the parties agreed that petitioner had complied with the terms and conditions of her post-dispositional improvement period. The parties also agreed to proceed to disposition.

On August 15, 2017, the circuit court held the final dispositional hearing. Petitioner was not present at the dispositional hearing, but was represented by counsel. The DHHR presented the testimony of a child protective services ("CPS") worker who recommended termination of petitioner's parental rights due to her failure to comply with the services and drug screens for three months prior to the dispositional hearing. She testified that at the beginning of petitioner's post-dispositional improvement period, her compliance was inconsistent. The CPS worker also testified regarding petitioner's history of her children being removed from her custody, continued drug use, and domestic violence. The CPS worker further testified that petitioner was "inconsistent in maintaining change. And that has resulted in continued disruption in the children's lives." The circuit court found that petitioner did not follow through with a reasonable family case plan or other rehabilitative services. The circuit court further found that termination of petitioner's parental rights was in the children's best interests and that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. The circuit court ultimately terminated petitioner's parental rights in its October 31, 2017, order.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

---

[3] According to the guardian and the DHHR, the non-abusing father has full custody of the children.

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in denying her motion for an extension of her post-dispositional improvement period. She admits that she did not comply with services but argues that an extension of her improvement period would likely lead to reunification with her children. We disagree. Pursuant to West Virginia Code § 49-4-610(6), a circuit court may extend an improvement period when

> the court finds that the [parent] has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that the extension is otherwise consistent with the best interest of the child.

Here, petitioner argues that she complied with services until the spring of 2017, at which time she admitted that she did not continue to avail herself of services.[4] The DHHR established that throughout her post-dispositional improvement period, petitioner's compliance with its terms and conditions was inconsistent. Further, the DHHR presented evidence that for three months prior to the dispositional hearing, petitioner stopped participating in services and drug screens altogether. The record contains evidence of petitioner's history of drug abuse, domestic violence, and failure to make meaningful changes in her lifestyle. Petitioner failed to attend the dispositional hearing without explanation. Due to her failure to comply with the terms and conditions of her post-dispositional improvement period, an extension of the improvement period would not have been consistent with the children's best interests. Based on this evidence, the circuit court did not err in denying petitioner's motion for an extension of her post-dispositional improvement period.

Petitioner also argues that the circuit court erred in terminating her parental rights. She asserts that the circuit court's decision to terminate her parental rights was "particularly troublesome" because she successfully fulfilled the conditions of her improvement period. We disagree and find that petitioner's assertion is in direct contradiction with the evidence contained in the record.

---

[4]Petitioner asserts that her performance "on her improvement period was so satisfactory that the [c]ircuit [c]ourt granted her an extension of the same." Petitioner cites to a June 6, 2017, order wherein the circuit court scheduled a review hearing. The circuit court did not grant petitioner an extension of her improvement period in that order.

West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Here, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. As discussed above, petitioner failed to comply with the terms and conditions of her post-dispositional improvement period. Specifically, petitioner failed to participate in services and drug screens for three months prior to the dispositional hearing.

Petitioner presents case law that provides that the right of a natural parent to raise his or her children is a fundamental right protected by the Due Process Clause of the West Virginia and United States Constitutions. However, petitioner fails to present any argument to support an assertion that her due process rights were violated. We have often held that "[i]n a contest involving the custody of an infant the welfare of the child is the polar star by which the discretion of the court will be guided." Syl. Pt. 3, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). Further, while petitioner argues that the circuit court erred in terminating her parental rights when less-restrictive alternatives existed, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Moreover, it is clear that termination was necessary for the children's welfare, given that petitioner failed to correct the conditions of abuse and neglect. For these reasons, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 31, 2017, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker